**2021 CA 000824 F - HARE, NATHAN vs. ORR MOTORS OF DESTIN INC**

## SUMMARY

| | | |
|---|---|---|
| **Judge:** | **Court Type:** | **Case Type:** |
| STONE, WILLIAM F | Circuit Civil | DISCRIMINATION - EMPLOYMENT OR OTHER |
| **Case Number:** | **Uniform Case Number:** | **Status:** |
| 2021 CA 000824 F | 462021CA000824FXXXXX | OPEN |
| **Clerk File Date:** | **Status Date:** | **Waive Speedy Trial:** |
| 3/22/2021 | 3/22/2021 | ☐ |
| **Total Fees Due:** | **Booking Number:** | **Agency:** |
| 0.00 | | |
| **Agency Report Number:** | **Custody Location:** | |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | HARE, NATHAN | 1 GARRITY, JAMES (Main Attorney)<br>Email: JIM@MATTOXLAW.COM<br>2 MATTOX, MARIE A<br>Email: marie@mattoxlaw.com |
| DEFENDANT | ORR MOTORS OF DESTIN INC | |
| DEFENDANT | GREGG ORR MARINE OF DESTIN INC | |
| DEFENDANT | GREGG ORR AUTO COLLECTION OF COMPANIES | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT | |
|---|---|---|---|---|---|
| | | No Events on Case | | | |

## CASE DOCKETS

| DATE | ENTRY |
|---|---|
| 3/27/2021 | NOTICE OF APPEARANCE OF COUNSEL |
| 3/26/2021 | PAYMENT $430.00 RECEIPT #2021012232 |
| 3/25/2021 | EMAIL SENT- RECIPIENTS: MATTOX, MARIE A SUBJECT: SERVICE OF COURT DOCUMENT - 2021 CA 000824 F, HARE, NATHAN VS. ORR MOTORS OF DESTIN INC ATTACHMENT COUNT: 3 EMAILDOCKETDESCRIPTIONS: SIT-3/22/2021 |
| 3/24/2021 | SUMMONS SERVICE FEE CIRCUIT CIVIL ASSESSED $30.00 |
| 3/22/2021 | SITUS DESIGNATION FORM FILED |
| 3/22/2021 | COMPLAINT FOR DAMAGES (APPEARS TO BE DUPLICATE OF LINE 4) |
| 3/22/2021 | SUMMONS ISSUED TO: GREGG ORR MARINE OF DESTIN INC |
| 3/22/2021 | SUMMONS ISSUED TO: GREGG ORR AUTO COLLECTION OF COMPANIES |
| 3/22/2021 | SUMMONS ISSUED TO: ORR MOTORS OF DESTIN INC |
| 3/22/2021 | COMPLAINT FOR DAMAGES |
| 3/22/2021 | CIVIL COVER SHEET |
| 3/22/2021 | JUDGE STONE, WILLIAM F: ASSIGNED |
| 3/22/2021 | CASE FILED 03/22/2021 CASE NUMBER 2021 CA 000824 F |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIRST</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>OKALOOSA</u>   COUNTY, FLORIDA

<u>NATHAN HARE</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>ORR MOTORS OF DESTIN INC, GREGG ORR MARINE OF DESTIN INC, GREGG ORR</u>
<u>AUTO COLLECTION OF COMPANIES</u>
 Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

III.    **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox          Fla. Bar # 739685
      Attorney or party               (Bar # if attorney)

Marie A Mattox                03/23/2021
  (type or print name)           Date

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

NATHAN HARE,

      Plaintiff,

v.

ORR MOTORS OF DESTIN, INC., GREGG
ORR MARINE OF DESTIN, INC., &
GREGG ORR AUTO COLLECTION OF
COMPANIES,

      Defendants.

_____/

CASE NO.: ▮▮▮▮▮▮    2021 CA 000824 F
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, NATHAN HARE, hereby sues Defendants, ORR MOTORS OF DESTIN, INC.,

GREGG ORR MARINE OF DESTIN, INC., & GREGG ORR AUTO COLLECTION OF

COMPANIES, and alleges:

## NATURE OF THE ACTION

1.    This is an action brought under Chapter 760, Florida Statutes, and the Age

Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq*.

2.    This action involves claims which are, individually, in excess of Thirty Thousand

Dollars ($30,000.00), exclusive of costs and interest.

## THE PARTIES

3.    At all times pertinent hereto, Plaintiff, EDWARD LEE HARRELL, has been a

resident of the State of Florida and was employed by Defendants. Plaintiff is a member of a

protected class because of his age (61 years old).

4.      At all times pertinent hereto, Defendants, ORR MOTORS OF DESTIN, INC., GREGG ORR MARINE OF DESTIN, INC., & GREGG ORR AUTO COLLECTION OF COMPANIES, have been organized and existing under the laws of the State of Florida.  At all times pertinent to this action, Defendants operated as an integrated employer and were thus individually and collectively an "employer" as that term is used under the applicable laws identified above.  Defendants were Plaintiff's employer as it relates to these claims.  Upon information and belief, the defendant entities share and treat as interchangeable corporate management and ownership, insurance policies, bank accounts, payroll software and functions, human resource departments and employees, real estate, information technology department's, computer networks , workers compensation insurance and policies, other personal and real property and employees. For example, Defendants frequently instruct employees for one entity to perform work for another entity.  Employees work for one entity but are paid by another.  Even employees who work for different Orr entities in other states – such as Timothy Robinson, who came to the Destin marina for Defendants but who actually worked for an Orr entity operating a car dealership in Shreveport, Louisiana – will be directed to travel to other states to perform work for other Orr entities.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC, and received his right to sue letter.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff, a 61-year-old male, began his employment as a marine salesman with Defendant on October 1, 2019.  He was hired chiefly to help sell boats and related marine supplies

and equipment.  Had substantial experience.  At the time of hire, he had roughly fifteen years' experience in car sales, approximately twenty years' experience in boat sales, experience as a yacht broker, and experience in sales and sales management.  Plaintiff also had a yacht brokers' license, and needed only to switch it over to Defendants for a substantial benefit to Defendants. Prior to employment with Defendants, Plaintiff had worked for Legendary Marine in Destin and had outstanding sales numbers.  In fact, two members of management for Defendants, Kevin Campbell and Timothy Robinson, both told Plaintiff that he was well-qualified even to serve as the "platform manager," Defendant's term for the position that oversaw operations at several of Defendants' integrated entities operating in the Destin, Florida area.  They also made the comment, which they volunteered, that they had overheard Plaintiff speaking to a customer, and they could tell that Plaintiff had expertise in sales, management and voting.   Plaintiff encountered Robinson and Campbell in this respect in February 2019, when Plaintiff was seeking a promotion to sales manager/platform manager.  Plaintiff knew the business, and could easily have helped Defendants rectify problems in the way it was unsuccessfully doing business. For example, it was operating 'showroom out of one lot, but actually marketing, promoting and showing the boats on another lot that it was not legally permitted to do.  Plaintiff noticed that Defendants also had several boats that had sat on the lot unsold for literally years. Plaintiff further notice that Defendants were attempting to generate business by selling a type of boat (Southport) that could not compete in the same market in Destin, where the most popular boats were high-end models like Hatteras, Everglades, Pursuit, Cabo and Viking.  Defendants, under its existing poor management, had the wrong product mix, and was doing business illegally because it did not have the proper licenses.  Upon information and belief, Chris Sailors and Kevin Kaples were the employees who had mismanaged the inventory in this manner.  Some boats appeared to have been on the lot for more than 900 days – Plaintiff

had an inventory list showing how long boats acquired by Sailors and others had sat unsold – and this was evidence of extraordinarily poor management by Sailors in particular. Boat sales were poor when Plaintiff arrived. Some of the boats had sat for so long that, according to Plaintiff, they looked used from the foot traffic from "looky-loos" over the years. Some looked like they had suffered theft from the removal of parts. Sailors was approximately 32 years old at the time of Plaintiff's employment, almost three decades younger than Plaintiff.

7. In late February 2020, Defendants participated in the 2020 Emerald Coast Boat and Lifestyle Show in Pier Park in Panama City. The corporate magnate, Gregg Orr, came into town for the show, among other things, and first met Plaintiff, who from appearance is unmistakably not in his 20's, 30's, 40's or 50's. After Plaintiff met Mr. Orr, Mr. Orr noticeably distanced himself from Plaintiff. When Mr. Orr was standing near another employee, Kevin Kaple, Mr. Kaple remarked to Mr. Orr, looking toward Plaintiff, that "That's your new guy right there," to which Plaintiff heard Mr. Orr say, "Yeah, I'll go over there and talk to him, if he can hear me." Again, there were no loud noises, and there were otherwise no ambient or background sounds that would have made it difficult for Plaintiff to hear anyone, much less Mr. Orr. It was purely ageist discrimination because of Plaintiff's age.

8. After this, plaintiff was driven back to the Marina by Kevin Campbell. During the ride, Campbell told Plaintiff that Mr. Orr had decided to go in a "totally different direction with the business," and that Plaintiff was out of the running for sales manager. In his place, Plaintiff learned, Mr. Orr and others had chosen to promote Chris Sailors, the person more than three decades younger than Plaintiff, and the very person whose mismanagement and poor decisions had already severely hampered the business.

4

9.  Plaintiff was passed over for promotion, and fired, on or about March 2, 2020, because of his age, and after experiencing a range of discriminatory comments about his age, including but not limited to whether, due to his age, he needed Geritol, whether he needed a hearing aid, and that he looked "a lot" older than his Facebook profile photograph. The owner of the various integrated entities, Gregg Orr, himself made a comment that he needed to talk to Plaintiff, but didn't know if Plaintiff would hear him. This was another reference to Plaintiff's age, since Plaintiff was not hard of hearing, and there were no impediments to Plaintiff's ability to hear anything.

10.  Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his age.

11.  The mistreatment came at the hands of specifically but not limited to Chris Sailors, approximate age 35 now, Kevin Campbell, approximate age 42 now, and Gregg Orr.

12.  Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendants should be made to pay said fee under the laws referenced above.

**COUNT I**
**AGE DISCRIMINATION**

13.  Paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

14.  This is an action against Defendants for discrimination based upon age brought under Chapter 760, Florida Statutes, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.*

15.  Plaintiff has been the victim of discrimination on the basis of his age in that he was treated differently than similarly situated younger employees of Defendants and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

5

16.     Defendants are liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

17.     Furthermore, Defendants knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

18.     Defendants' known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

19.     In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were of an age based nature and in violation of the statutes referenced above.

20.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants.

21.     Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of the statutes referenced above.

22.     As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, and are continuing.  Plaintiff is entitled to injunctive/equitable

relief and punitive damages under Chapter 760, Florida Statutes and to injunctive/equitable relief and double his economic damages/liquidated damages under the ADEA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

 (a) that process issue and this Court take jurisdiction over this case;

 (b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

 (c) enter judgment against Defendants' and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

 (d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

 (e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs;

 (f) award Plaintiff interest where appropriate;

 (g) award Plaintiff punitive damages; and

 (h) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 22nd day of March 2021.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Bradford Road
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
Michelle2@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

8

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

**NATHAN HARE,**

CASE NO. ▮▮▮▮  2021 CA 000824 F
**FLA BAR NO.: 0739685**

     **Plaintiff,**

v.

**ORR MOTORS OF DESTIN, INC., GREGG**        **SUMMONS**
**ORR MARINE OF DESTIN, INC., &**
**GREGG ORR AUTO COLLECTION OF**
**COMPANIES,**

     **Defendants.**
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **ORR MOTORS OF DESTIN, INC**
     **C/O KEVIN KAPLE – REGISTERED AGENT**
     **528 JUANITA AVENUE**
     **DESTIN, FL 32541**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____*3/25/2021*_____ ▮▮▮▮▮

              CLERK OF THE CIRCUIT COURT

              By:_____

"If you are a person with disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:

> **Court Administration, ADA Liaison**
> **Okaloosa County**
> **1940 Lewis Turner Boulevard**
> **Fort Walton Beach, Florida 32547**
> **Phone (850) 609-4700 Fax (850) 651-7725**
> **ADA.Okaloosa@flcourts1.gov**

At least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

NATHAN HARE,                                    CASE NO.: ▮▮▮▮▮▮▮   2021 CA 000824 F
                                               FLA BAR NO.: 0739685
         Plaintiff,

v.

ORR MOTORS OF DESTIN, INC., GREGG              **SUMMONS**
ORR MARINE OF DESTIN, INC., &
GREGG ORR AUTO COLLECTION OF
COMPANIES,

         Defendants.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

         YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

         **GREGG ORR AUTO COLLECTION OF COMPANIES**
         **C/O KEVIN KAPLE – REGISTERED AGENT**
         **528 JUANITA AVENUE**
         **DESTIN, FL 32541**

         Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street,
Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or
petition.

         DATED on _____3/25/2021_____▮▮▮▮▮

                                               CLERK OF THE CIRCUIT COURT

                                               By:_____

"If you are a person with disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:

> **Court Administration, ADA Liaison**
> **Okaloosa County**
> **1940 Lewis Turner Boulevard**
> **Fort Walton Beach, Florida 32547**
> **Phone (850) 609-4700 Fax (850) 651-7725**
> **ADA.Okaloosa@flcourts1.gov**

At least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

NATHAN HARE,

      **Plaintiff,**

v.

ORR MOTORS OF DESTIN, INC., GREGG
ORR MARINE OF DESTIN, INC., &
GREGG ORR AUTO COLLECTION OF
COMPANIES,

      **Defendants.**

_____/

CASE NO.: ▉▉▉▉▉   2021 CA 000824 F
FLA BAR NO.: 0739685

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **GREGG ORR AUTO COLLECTION OF COMPANIES**
     **C/O KEVIN KAPLE – REGISTERED AGENT**
     **528 JUANITA AVENUE**
     **DESTIN, FL 32541**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____3/25/2021_____▉▉▉▉

                           CLERK OF THE CIRCUIT COURT

                           By:_____

**"If you are a person with disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

> **Court Administration, ADA Liaison**
> **Okaloosa County**
> **1940 Lewis Turner Boulevard**
> **Fort Walton Beach, Florida 32547**
> **Phone (850) 609-4700 Fax (850) 651-7725**
> **ADA.Okaloosa@flcourts1.gov**

**At least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

NATHAN HARE,

        Plaintiff,

v.

ORR MOTORS OF DESTIN, INC., GREGG
ORR MARINE OF DESTIN, INC., &
GREGG ORR AUTO COLLECTION OF
COMPANIES,

        Defendants.

_____/

CASE NO.:█████████  2021 CA 000824 F
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, NATHAN HARE, hereby sues Defendants, ORR MOTORS OF DESTIN, INC.,

GREGG ORR MARINE OF DESTIN, INC., & GREGG ORR AUTO COLLECTION OF

COMPANIES, and alleges:

## NATURE OF THE ACTION

1.    This is an action brought under Chapter 760, Florida Statutes, and the Age

Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq*.

2.    This action involves claims which are, individually, in excess of Thirty Thousand

Dollars ($30,000.00), exclusive of costs and interest.

## THE PARTIES

3.    At all times pertinent hereto, Plaintiff, EDWARD LEE HARRELL, has been a

resident of the State of Florida and was employed by Defendants.  Plaintiff is a member of a

protected class because of his age (61 years old).

4.      At all times pertinent hereto, Defendants, ORR MOTORS OF DESTIN, INC., GREGG ORR MARINE OF DESTIN, INC., & GREGG ORR AUTO COLLECTION OF COMPANIES, have been organized and existing under the laws of the State of Florida.  At all times pertinent to this action, Defendants operated as an integrated employer and were thus individually and collectively an "employer" as that term is used under the applicable laws identified above.  Defendants were Plaintiff's employer as it relates to these claims.  Upon information and belief, the defendant entities share and treat as interchangeable corporate management and ownership, insurance policies, bank accounts, payroll software and functions, human resource departments and employees, real estate, information technology department's, computer networks , workers compensation insurance and policies, other personal and real property and employees. For example, Defendants frequently instruct employees for one entity to perform work for another entity.  Employees work for one entity but are paid by another.  Even employees who work for different Orr entities in other states – such as Timothy Robinson, who came to the Destin marina for Defendants but who actually worked for an Orr entity operating a car dealership in Shreveport, Louisiana – will be directed to travel to other states to perform work for other Orr entities.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC, and received his right to sue letter.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff, a 61-year-old male, began his employment as a marine salesman with Defendant on October 1, 2019.  He was hired chiefly to help sell boats and related marine supplies

2

and equipment.  Had substantial experience.  At the time of hire, he had roughly fifteen years'
experience in car sales, approximately twenty years' experience in boat sales, experience as a yacht
broker, and experience in sales and sales management.  Plaintiff also had a yacht brokers' license,
and needed only to switch it over to Defendants for a substantial benefit to Defendants. Prior to
employment with Defendants, Plaintiff had worked for Legendary Marine in Destin and had
outstanding sales numbers.  In fact, two members of management for Defendants, Kevin Campbell
and Timothy Robinson, both told Plaintiff that he was well-qualified even to serve as the "platform
manager," Defendant's term for the position that oversaw operations at several of Defendants'
integrated entities operating in the Destin, Florida area.  They also made the comment, which they
volunteered, that they had overheard Plaintiff speaking to a customer, and they could tell that
Plaintiff had expertise in sales, management and voting.  Plaintiff encountered Robinson and
Campbell in this respect in February 2019, when Plaintiff was seeking a promotion to sales
manager/platform manager.  Plaintiff knew the business, and could easily have helped Defendants
rectify problems in the way it was unsuccessfully doing business. For example, it was operating
'showroom out of one lot, but actually marketing, promoting and showing the boats on another lot
that it was not legally permitted to do.  Plaintiff noticed that Defendants also had several boats that
had sat on the lot unsold for literally years. Plaintiff further notice that Defendants were attempting
to generate business by selling a type of boat (Southport) that could not compete in the same market
in Destin, where the most popular boats were high-end models like Hatteras, Everglades, Pursuit,
Cabo and Viking.  Defendants, under its existing poor management, had the wrong product mix,
and was doing business illegally because it did not have the proper licenses.  Upon information
and belief, Chris Sailors and Kevin Kaples were the employees who had mismanaged the inventory
in this manner.  Some boats appeared to have been on the lot for more than 900 days – Plaintiff

had an inventory list showing how long boats acquired by Sailors and others had sat unsold – and this was evidence of extraordinarily poor management by Sailors in particular. Boat sales were poor when Plaintiff arrived.  Some of the boats had sat for so long that, according to Plaintiff, they looked used from the foot traffic from "looky-loos" over the years.  Some looked like they had suffered theft from the removal of parts.  Sailors was approximately 32 years old at the time of Plaintiff's employment, almost three decades younger than Plaintiff.

7.      In late February 2020, Defendants participated in the 2020 Emerald Coast Boat and Lifestyle Show in Pier Park in Panama City. The corporate magnate, Gregg Orr, came into town for the show, among other things, and first met Plaintiff, who from appearance is unmistakably not in his 20's, 30's, 40's or 50's.  After Plaintiff met Mr. Orr, Mr. Orr noticeably distanced himself from Plaintiff.  When Mr. Orr was standing near another employee, Kevin Kaple, Mr. Kaple remarked to Mr. Orr, looking toward Plaintiff, that "That's your new guy right there," to which Plaintiff heard Mr. Orr say, "Yeah, I'll go over there and talk to him, if he can hear me."  Again, there were no loud noises, and there were otherwise no ambient or background sounds that would have made it difficult for Plaintiff to hear anyone, much less Mr. Orr. It was purely ageist discrimination because of Plaintiff's age.

8.      After this, plaintiff was driven back to the Marina by Kevin Campbell. During the ride, Campbell told Plaintiff that Mr. Orr had decided to go in a "totally different direction with the business," and that Plaintiff was out of the running for sales manager.  In his place, Plaintiff learned, Mr. Orr and others had chosen to promote Chris Sailors, the person more than three decades younger than Plaintiff, and the very person whose mismanagement and poor decisions had already severely hampered the business.

4

9.     Plaintiff was passed over for promotion, and fired, on or about March 2, 2020, because of his age, and after experiencing a range of discriminatory comments about his age, including but not limited to whether, due to his age, he needed Geritol, whether he needed a hearing aid, and that he looked "a lot" older than his Facebook profile photograph.  The owner of the various integrated entities, Gregg Orr, himself made a comment that he needed to talk to Plaintiff, but didn't know if Plaintiff would hear him.  This was another reference to Plaintiff's age, since Plaintiff was not hard of hearing, and there were no impediments to Plaintiff's ability to hear anything.

10.     Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his age.

11.     The mistreatment came at the hands of specifically but not limited to Chris Sailors, approximate age 35 now, Kevin Campbell, approximate age 42 now, and Gregg Orr.

12.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendants should be made to pay said fee under the laws referenced above.

## COUNT I
## AGE DISCRIMINATION

13.     Paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

14.     This is an action against Defendants for discrimination based upon age brought under Chapter 760, Florida Statutes, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq*.

15.     Plaintiff has been the victim of discrimination on the basis of his age in that he was treated differently than similarly situated younger employees of Defendants and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

5

16.     Defendants are liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

17.     Furthermore, Defendants knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

18.     Defendants' known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

19.     In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were of an age based nature and in violation of the statutes referenced above.

20.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants.

21.     Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of the statutes referenced above.

22.     As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, and are continuing.  Plaintiff is entitled to injunctive/equitable

relief and punitive damages under Chapter 760, Florida Statutes and to injunctive/equitable relief and double his economic damages/liquidated damages under the ADEA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendants' and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(d)     enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e)     enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate;

(g)     award Plaintiff punitive damages; and

(h)     grant such other further relief as being just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 22nd day of March 2021.

7

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Bradford Road
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
Michelle2@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

8

IN THE _____ COURT

IN AND FOR OKALOOSA COUNTY, FLORIDA

Nathan Hare

**Plaintiff/Petitioner,**

Orr Motors of Destin, INC
Orr Marine of Destin, INC

**Defendant/Respondent**

Gregg Orr Auto Collection
(of companies)

Case No. _____

## SITUS DESIGNATION FORM

Pursuant to Administrative Directive 2012-_____, I hereby certify the situs of this action to be:

( )   (a)   Courthouse - Crestview Situs ("North End") if:
      (1)   The cause of action accrued North of the situs line at Range Road 215 West and Range Road 213 East, as depicted on the attached map, said area to be designated as "North End" or
      (2)   The cause of action did not accrue in Okaloosa County, but at the time the action is filed, all defendants/respondents reside in the North End.

( )   (b)   Okaloosa County Courthouse Annex Extension - Fort Walton Beach Situs ("South End") if:
      (1)   The cause of action accrued South of the situs line at Range Road 215 West and Range Road 213 East, as depicted on the attached map, said area to be designated as "South End" or
      (2)   The cause of action did not accrue in Okaloosa County, but at the time the action is filed, all defendants/respondents reside in the South End.

(✗)   (c)   Either Courthouse (Crestview) or Okaloosa County Courthouse Annex Extension (Fort Walton Beach) if:
      (1)   The cause of action did not accrue in Okaloosa County, and no defendant/respondent resides in Okaloosa County; or
      (2)   The cause of action did not accrue in Okaloosa County and the defendants/respondents reside in both the North End and the South End of Okaloosa County.

If Plaintiff/Petitioner not
represented by attorney:

_____
Plaintiff/Petitioner's Signature

_____
(Type or print name)

_____
Telephone Number

If Plaintiff/Petitioner represented
by attorney:

MARIE A MATTOX
_____
Attorney's Signature

_____
(Type or print Attorney's name)

850-383-4800
_____
Telephone Number

# Okaloosa Clerk of Circuit Court
# Okaloosa County Receipt of Transaction
## Receipt # 2021012232

JD Peacock II
Clerk of Court
Okaloosa County, Florida

MATTOX, MARIE A
203 NORTH GADSDEN STREET
TALLAHASSEE, FL 32301

Customer Assisted by: jkauffmann
Cashiered by:  mburnscashC
On: 03/26/2021   9:36 am
Transaction # 1744591

| CaseNumber   2021 CA 000824 F |
|---|

**Action:**

**Judge:** STONE, WILLIAM F

**Received From:** MATTOX, MARIE A
203 NORTH GADSDEN STREET
TALLAHASSEE, FL 32301

**On Behalf Of:** HARE, NATHAN
203 NORTH GADSDEN STREERT
TALLAHASSEE, FL 32301

| Fee Description | Fee | Prior Paid | Due | Paid | Balance |
|---|---|---|---|---|---|
| CIRCUIT CIVIL FILING FEE | 400.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| SUMMONS SERVICE FEE CIRCUIT CIVIL | 30.00 | 0.00 | 30.00 | 30.00 | 0.00 |
| **Total** | **430.00** | **0.00** | **430.00** | **430.00** | **0.00** |
| **Grand Total** | **430.00** | **0.00** | **430.00** | **430.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| PORTAL | 123553918 | OK | 430.00 | 0.00 | 0.00 | 0.00 | 430.00 |
| | | | **430.00** | **0.00** | **0.00** | **0.00** | **430.00** |

How did we do?  Please tell us at https://tinyurl.com/okasurvey

IN THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT,
IN AND FOR OKALOOSA
COUNTY, FLORIDA

NATHAN HARE,

     **Plaintiff,**

v.

ORR MOTORS OF DESTIN, INC., GREGG
ORR MARINE OF DESTIN, INC., &
GREGG ORR AUTO COLLECTION OF
COMPANIES,

     **Defendants.**

_____/

CASE NO.: 21-CA-00824
FLA BAR NO.: 0539211

## NOTICE OF APPEARANCE OF
## JIM GARRITY AS LEAD COUNSEL FOR PLAINTIFFS

The undersigned, Jim Garrity, now appears as lead counsel of record for

Plaintiffs.  Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A),

hereby designates his primary and secondary e-mail addresses and requests that

order, process, pleadings, and other documents filed and served in this matter be

served on him at the following Primary and Secondary e-mail addresses:

Primary E-Mail Address: jim@JimGarrityLaw.com;
                         jimgarritycell@gmail.com
Paralegal E-Mail Address:  Wanda@MattoxLaw.com
Scheduling: Elizabeth@Mattoxlaw.com (for scheduling matters)
Where service of hard copies is to be made in addition to the e-mail service,

˅1˅

counsel requests that the copies be served on him at the physical address listed below.

Respectfully submitted

 /s/    Jim Garrity
Jim Garrity (FBN: 539211)
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL    32301
Telephone:  (850) 383-4800
Jim@JimGarrityLaw.com

## CERTIFICATE OF SERVICE

I hereby certificate that a copy of the foregoing was served via the Florida Courts ePortal Filing System only this 27th day of March 2021.

 /s/    Jim Garrity
Jim Garrity